[No. B226327. Second Dist., Div. Six. Aug. 16, 2011.]

THE PEOPLE, Plaintiff and Appellant, v.
JUAN MEZA, Defendant and Respondent.

**COUNSEL**

Gregory D. Totten, District Attorney, and Michael D. Schwartz, Assistant District Attorney, for Plaintiff and Appellant.

Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy Public Defender, and Kenneth Hamilton, Deputy Public Defender, for Defendant and Respondent.

**OPINION**

**PERREN, J.**—Penal Code section 995a, subdivision (b)(1)[1] gives trial courts discretion to deny a motion to set aside an information under section 995 when the motion is based on "minor errors of omission, ambiguity, or technical defect which can be expeditiously cured or corrected without a rehearing of a substantial portion of the evidence." In this case, the People invoked section 995a in opposing defendant Juan Meza's motion to set aside the information charging him with two counts of selling heroin (Health & Saf. Code, § 11352, subd. (a)). Meza's motion validly asserted that no evidence had been offered at the preliminary hearing to support the allegation that the three-year statute of limitations was tolled while his prior prosecution for the same charges was pending (§§ 801, 803, subd. (b)). The People moved the court to order further proceedings to correct the error in accordance with section 995a. The court found that although the error could be easily and expeditiously cured, the People's failure to present evidence that the statute of limitations was tolled was not a "minor error[] of omission" subject to correction under section 995a. Accordingly, the court denied the People's motion and set aside the information. The People appeal. (§ 1238, subd. (a)(1).)

We conclude that the evidentiary omission at issue here is a "minor error," as that term is understood for purposes of section 995a. We also conclude that substantial evidence supports the court's finding that the error can be easily and expeditiously corrected. Because the record demonstrates that the court would have granted the People's motion to correct the error but for its mistaken belief that it would be an abuse of discretion to do so, we reverse the order setting aside the information, reverse the order denying the People's section 995a motion, and remand for further proceedings.

---

[1] All further statutory references are to the Penal Code, unless otherwise noted. Further references to section 995a are to subdivision (b)(1) of the statute.

## FACTS AND PROCEDURAL HISTORY

On April 1, 2009, a felony complaint was filed charging Meza with two counts of selling heroin, in violation of Health and Safety Code section 11352, subdivision (a). A prior burglary conviction was alleged as a strike on both counts. Count 1 was alleged to have been committed on or about February 17, 2006, while count 2 was allegedly committed on or about February 22, 2006. The face of the complaint bears the case No. 2009012184 along with the boldfaced notation "REFILE CASE: 2006016110."

On April 2, 2009, Meza demurred to the complaint on the ground that the charges were barred by the three-year statute of limitations. (§ 801.) After the court sustained the demurrer on that basis, the prosecution filed an amended felony complaint adding the following to each count: "It is further alleged that prosecution of the defendant . . . for the same conduct was pending in a court of this state in Ventura County from October 17, 2007 through April 2, 2009 in case number 2006016110 and that the statute of limitations is tolled and extended for that period, within the meaning of Penal Code section 803(b)." Meza subsequently entered a plea of not guilty on both counts.

At the preliminary hearing, Ventura County Sheriff's Detective Carlos Macias testified that Meza sold two grams of heroin to a confidential informant on February 17, 2006, and arranged another sale that took place five days later on February 22. Meza did not call any witnesses. After the prosecution rested, Meza's attorney essentially argued that Meza should not be held to answer on either charge because Detective Macias's testimony did not establish that he actually witnessed the sales and the confidential informant had a motive to lie. No issue was raised regarding the statute of limitations. At the conclusion of the hearing the trial court, sitting as magistrate, found there was sufficient evidence to believe that Meza was guilty of both charges and accordingly held him to answer on both counts. The prosecution subsequently filed a felony information that included the same charges and allegations as the amended complaint, including the allegations regarding the tolling of the statute of limitations.

Meza then moved to set aside the information on the ground that no evidence had been presented at the preliminary hearing to support the allegation that the three-year statute of limitations was tolled while the earlier prosecution for the same charges was pending. In his moving papers, Meza acknowledged that the prior action in case No. 2006016110 involved the same charges, and that the prior action had been dismissed by the prosecution on April 2, 2009. Meza further acknowledged that the allegations regarding the tolling of the statute of limitations that were included in the amended complaint "properly alleg[e] the basis for delay, owing to Case Number

2006016110." Meza argued, however, that the information had to be set aside because no evidence supporting the allegation was offered at the preliminary hearing.

The prosecution opposed the motion, arguing that the evidentiary omission regarding the tolling of the statute of limitations was a "minor" error that could be expeditiously corrected in further proceedings under section 995a, and urged the court to order such proceedings in the exercise of its discretion. In asking the court to exercise its discretion to consider additional evidence under section 995a, the prosecution noted that the presentation of that evidence would consist solely of "ask[ing] the Court a single question to take judicial notice of its own file showing that there was a case that tolled the statute. [¶] . . . [A]ll we're asking for is to reopen, to ask the single question, to cure a technical defect, to meet the jurisdictional requirements of the statute of limitations by having the Court do that." Meza did not dispute that the error could be expeditiously corrected in this fashion, yet maintained that the error was not a "minor" one subject to correction under section 995a.

The court denied the prosecution's request to present additional evidence and granted Meza's motion to set aside the information. In doing so, the court stated: "It's very frustrating to grant it, because I do believe that if there had been a request to reopen at the time of the preliminary hearing, that in all likelihood that would have been granted. [¶] And I read the transcript, and I don't actually see anything in the argument of the defense that was pointing out the failure to present evidence on the statute of limitations, which would have put the magistrate on notice before issuing a holding order if that statute of limitations was an issue. And as a result, it is very frustrating for me to grant this. [¶] But I am granting it, because it seems to me as I analyze the[] cases, that jurisdiction is not a comparatively unimportant or minor matter, and it would be, therefore, I think an abuse of discretion to send it back."

## DISCUSSION

Section 995a states in pertinent part: "Without setting aside the information, the court may, upon motion of the prosecuting attorney, order further proceedings to correct errors alleged by the defendant if the court finds that such errors are minor errors of omission, ambiguity, or technical defect which can be expeditiously cured or corrected without a rehearing of a substantial portion of the evidence. The court may remand the cause to the committing magistrate for further proceedings, or if the parties and the court agree, the court may itself sit as a magistrate and conduct further proceedings. When remanding the cause to the committing magistrate, the court shall state in its remand order which minor errors it finds could be expeditiously cured or corrected."

"[F]inding a bright line of demarcation to provide courts with guidelines in applying section 995a is an impossible task." (*Tharp v. Superior Court* (1984) 154 Cal.App.3d 215, 219 [201 Cal.Rptr. 131], fn. omitted.) "[D]etermining whether an omission is minor must be done on a case by case basis. . . . '[T]he statute lends itself to an "I know it when I see it" approach. [Citations.]' " (*Caple v. Superior Court* (1987) 195 Cal.App.3d 594, 602 [241 Cal.Rptr. 735] (*Caple*).)

In concluding that it lacked the discretion to grant the prosecution's section 995a motion in this case, the trial court found that the failure to present any evidence that the statute of limitations was tolled cannot be considered a "minor" error under the statute because such evidence is necessary to establish the court's jurisdiction to try the defendant. This conclusion is essentially one of law and statutory interpretation, so our review is de novo. (*Garcia v. Superior Court* (2009) 177 Cal.App.4th 803, 813 [99 Cal.Rptr.3d 488] (*Garcia*); *People v. Moseley* (2008) 164 Cal.App.4th 1598, 1603 [80 Cal.Rptr.3d 551].) The court's factual finding that the error could be easily and expeditiously cured is reviewed for substantial evidence. (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711–712 [76 Cal.Rptr.3d 250, 182 P.3d 579].) As we shall explain, our review leads us to conclude that the omitted evidence at issue here, which can be rectified by judicially noticing a court file in a prior case, is the sort of "minor" error that can be easily and expeditiously cured under section 995a.

The seminal case analyzing section 995a is *Caple*. The defendant in that case was charged with possessing and transporting cocaine for sale. The evidence at the preliminary hearing established that the defendant was the passenger in a truck in which cocaine was found behind the driver's seat and a partially burned marijuana cigarette was found in the ashtray. No other evidence was offered to connect the defendant to the cocaine. The defendant was held to answer and subsequently moved to have the charge set aside under section 995. (*Caple, supra*, 195 Cal.App.3d at pp. 597–598.) The trial court concluded that the evidence was insufficient to establish the defendant's knowledge or possession of the cocaine, but granted the prosecution's motion to correct the error pursuant to section 995a. (195 Cal.App.3d at pp. 598–599.) On remand to the magistrate, the arresting officer testified that the defendant had admitted ownership of the truck in which the cocaine was found. (*Id.* at pp. 597, 599.)

In affirming, the Court of Appeal rejected the defendant's argument that for purposes of section 995a "any omission which causes an information to fail must be regarded as significant and major and therefore, not minor." (*Caple, supra*, 195 Cal.App.3d at p. 601.) The court reasoned: "This analysis begs the question by gauging the magnitude of the defect by its effect on the

prosecution's case. Adoption of such a definition would totally eviscerate section 995a, subdivision (b)(1), by permitting its use only when the omitted evidence was unnecessary in the first instance. Clearly, the Legislature did not intend the section to be so limited . . . ." (*Id.* at pp. 601–602.) The court went on to conclude that "a 'minor omission' refers to one that is *comparatively* unimportant. Thus, an evidentiary defect will trigger the remand provisions of section 995a, subdivision (b)(1), whenever the omission is minor when considered in relation to the balance of the evidence required in order to hold the accused to answer." (*Id.* at p. 602.) In applying that rule to the case, the court reasoned that "[the defendant]'s access to the cocaine constitutes the great bulk of the required proof in this case. . . . The presence of the half burnt marijuana cigarette . . . may have permitted the magistrate to infer knowledge of the narcotic character of cocaine. Therefore, the evidence already in the record at the time of the trial court's remand order provided most, if not all, of the evidence needed to hold [the defendant] to answer . . . ." (*Id.* at p. 603.) The court further reasoned that "even assuming the omission prevented a finding of probable cause, [it] did not go to the heart of the case because Caple's access to the cocaine and the presence of the marijuana cigarette already provided circumstantial evidence of each element of the charged offenses." (*Id.* at pp. 604–605.) The court also found that the omitted evidence satisfied the second prong of section 995a in that it "essentially required only one additional question and answer, [and] it did not involve a rehearing of any of the preliminary hearing evidence." (195 Cal.App.3d at p. 603.)

The contrary result was reached in *Garcia*. The defendant in *Garcia* was charged with several crimes including resisting, and obstructing or delaying a peace officer in the performance of his duties in violation of section 148, subdivision (a)(1). At the preliminary hearing, the arresting officer testified that the defendant rapidly walked away and threw a handgun in the bushes after the officer made eye contact with him. (*Garcia, supra,* 177 Cal.App.4th at p. 808.) At the conclusion of the hearing, the defendant argued that he should not be held over on the resisting charge because " '[t]here was no testimony given that [the defendant] willfully or unlawfully resisted or delayed a peace officer in the course of his duties.' " (*Id.* at p. 809.) The magistrate rejected the argument, reasoning that in walking away from the officer he had " 'delay[ed] the officer in the performance of his duties.' " (*Ibid.*)

The defendant subsequently moved to set aside the resisting charge under section 995 on the ground it was not supported by a showing of probable cause at the preliminary hearing. The prosecution " 'concede[d] the error of failing to establish the officer gave a command for defendant to stop' " and moved the court to order further proceedings to correct the error under section 995a. (*Garcia, supra,* 177 Cal.App.4th at p. 809.) The court agreed with the

defendant that the evidence presented at the preliminary hearing was insufficient to hold him over on the resisting charge, but granted the prosecution's motion to "reopen" the preliminary hearing to allow the arresting officer to give further testimony on the issue. After the officer gave further testimony indicating that he had ordered the defendant to stop, the court held the defendant to answer on the resisting charge and found that " '[i]f it was going to be a consensual contact, then I would not hold him to answer. But it went from a consensual contact initially to one that was, as the officer said, was going to be a detention.' " (*Id.* at p. 813.)

The Court of Appeal applied the analysis of *Caple* and reversed. The court concluded that although the officer's testimony at the first preliminary hearing supported the magistrate's findings that the officer was lawfully performing his duties and that the defendant either knew or should have known this, the testimony "failed to include any facts from which the magistrate could have inferred the actus reus—that is, any act, on defendant's part, that constituted the willful resistance, delay or obstruction of an officer in the performance of those duties." (*Garcia, supra,* 177 Cal.App.4th at p. 819.) The court further reasoned that although the officer's testimony at the reopened preliminary hearing "was relatively short, it involved more than one question and answer to establish that [the detective] said 'stop.' It necessarily involved testimony to establish the lawfulness of the officer's order, and defendant's resistance to that order—in short, the core conduct, or actus reus, of the offense of resisting arrest. Together, the new testimony about the lawfulness of the officer's order, and defendant's act in defiance of it, went 'to the very heart of the case and can hardly be characterized as minor.' [Citation.]" (*Id.* at p. 821.)

The court also noted that "defendant's case is not similar to Caple's, where 'the evidence already in the record at the time of the trial court's remand order provided most, if not all, of the evidence needed to hold Caple to answer for the charged offenses.' [Citation.] Under those circumstances, the *Caple* court determined that the defendant's admission of the car's ownership 'did not involve a substantial rehearing of evidence, and, even assuming the omission prevented a finding of probable cause, *did not go to the heart of the case* because Caple's access to the cocaine and the presence of the marijuana cigarette already provided circumstantial evidence of each element of the charged offenses.' [Citation.] [¶] Here, we cannot make the same finding that [the arresting officer's] revised testimony was comparatively unimportant in relation to his prior testimony, which did not show any basis for a lawful detention, or any act by defendant in defiance of a lawful order. Also, unlike *Caple,* the omission here did not require 'only one additional question and answer,' and *did* involve an almost total rehearing of [the officer's] preliminary hearing testimony regarding the resisting arrest charge. [Citation.] Thus, in this case, unlike in *Caple,* neither prong of section 995a, subdivision (b)(1), was met." (*Garcia, supra,* 177 Cal.App.4th at p. 821.)

In this case, the prosecution failed to present evidence that the statute of limitations was tolled while Meza was being prosecuted on the same charges in another case, as contemplated in subdivision (b) of section 803. The court concluded that this error could not be considered "minor" for purposes of section 995a because "jurisdiction is not a comparatively unimportant or minor matter . . . ." Case law recognizes, however, that " '[w]hen the pleading is facially sufficient, the issue of the statute of limitations is solely an evidentiary one. The sufficiency of the evidence introduced on this issue does not raise a question of jurisdiction in the fundamental sense.' [Citation.]" (*People v. Williams* (1999) 21 Cal.4th 335, 345 [87 Cal.Rptr.2d 412, 981 P.2d 42].) Moreover, the statute of limitations is not an element of the offense and need only be shown by a preponderance of the evidence. (*People v. Smith* (2002) 98 Cal.App.4th 1182, 1187 [120 Cal.Rptr.2d 185].) "Whether an action is time-barred under the applicable statute of limitations does not involve a 'substantive issue of guilt or innocence.' " (*People v. Lynch* (2010) 182 Cal.App.4th 1262, 1276 [106 Cal.Rptr.3d 636] (*Lynch*).)[2] In other words, none of the facts relevant to the determination whether the statute of limitations was tolled in this case "is a 'fact necessary to constitute the crime with which [respondent was] charged.' [Citations.]" (*People v. Riskin* (2006) 143 Cal.App.4th 234, 240 [49 Cal.Rptr.3d 287].) "Although the right to maintain the action is an essential part of the final power to pronounce judgment, that right 'constitutes no part of the crime itself.' [Citation.] [¶] . . . [T]he statute of limitations is not 'an "element of the offense" in the sense that it defines the actus reus or the mens rea which characterizes the crime.' [Citation.]" (*People v. Linder* (2006) 139 Cal.App.4th 75, 84–85 [42 Cal.Rptr.3d 496].)

The amended complaint charges respondent with two counts of selling heroin, and alleges that the three-year statute of limitations was tolled while a prior prosecution for the same charges was pending. Meza's section 995 motion essentially alleges that the prosecution failed to offer evidence that the prior prosecution for the same charges had been pending for at least 44 days

---

[2] In *People v. Zamora* (1976) 18 Cal.3d 538 [134 Cal.Rptr. 784, 557 P.2d 75], our Supreme Court held that criminal defendants have the right to have a jury decide factual issues relating to the statute of limitations. (*Id.* at pp. 563–564, fn. 25.) Our colleagues in the Fourth District recently recognized, however, that "more recent Supreme Court decisions place the continued viability of *Zamora* in question." (*Lynch, supra*, 182 Cal.App.4th at p. 1276, citing *People v. Posey* (2004) 32 Cal.4th 193, 215 [8 Cal.Rptr.3d 551, 82 P.3d 755] [recognizing that venue is a question of law for the court to determine, and overruling previous authority that venue is a question of fact for the jury], and *People v. Betts* (2005) 34 Cal.4th 1039, 1054 [23 Cal.Rptr.3d 138, 103 P.3d 883] [determining that territorial jurisdiction is a procedural matter and that there is no constitutional right to a jury trial on facts relating to jurisdiction].) Because our analysis does not hinge on the answer to this question, we shall assume, as our Fourth District colleagues did, that *Zamora* is still good law. (*Lynch*, at p. 1276.)

when it was dismissed on April 2, 2009.[3] This evidence, unlike the omitted evidence at issue in *Garcia*, was irrelevant to establish "the core conduct, or actus reus, of the offense." (*Garcia, supra*, 177 Cal.App.4th at p. 821.) Indeed, the evidence does not relate to any element of the offenses with which Meza is charged, nor does it involve a substantive issue of his guilt or innocence. (*Lynch, supra*, 182 Cal.App.4th at p. 1276; *People v. Smith, supra*, 98 Cal.App.4th at p. 1187.)

■ Although the missing evidence technically prevented a finding of probable cause to hold Meza over for trial, it did not go to the heart of the case and the evidence actually offered was sufficient to establish each element of the charged offenses. (*Caple, supra*, 195 Cal.App.3d at pp. 604–605.) Moreover, the court found that the error could be remedied by taking judicial notice of the court file in the prior proceeding; no rehearing of any evidence presented at the preliminary hearing would be necessary. (*Ibid.*; cf. *Garcia, supra*, 177 Cal.App.4th at p. 821.) Because the evidence is minor when considered in relation to the balance of evidence required to hold Meza to answer, does not go to the heart of the case or involve a substantive issue of his guilt or innocence, and the proceeding would be exceedingly brief, the court erred in concluding that it lacked discretion to order further proceedings to consider the evidence in accordance with section 995a.[4]

In responding to the People's opening brief, Meza does not argue, as he did below, that the error at issue cannot be considered "minor" for purposes of section 995a. Instead, he contends for the first time that the prosecution failed to establish the second prong of the statute, i.e., that the error "can be expeditiously cured or corrected without a rehearing of a substantial portion of the evidence." (§ 995a.) He also asserts for the first time that the court could not make such a finding because the prosecution did not properly

---

[3] Meza is charged with committing crimes on February 17, 2006, and February 22, 2006. Absent tolling, the three-year statute of limitations for those respective crimes would have expired on or about February 17, 2009, and February 22, 2009. The amended complaint in this case was filed on April 2, 2009, so the evidence had to support the allegation that the statute of limitations had been tolled for approximately 44 days, i.e., the difference between February 17, 2009, and April 2, 2009. The amended complaint alleges that the prior prosecution was pending from October 17, 2007, until April 2, 2009, or approximately 533 days.

[4] In concluding that the failure to present evidence to support the tolling allegation in this case is a "minor error" subject to correction under section 995a, we deem it prudent to emphasize that we do not find that such errors are minor as a matter of law. In another case, the resolution of a tolling issue for purposes of section 995a might be "an extraordinarily complex and time-consuming task" that "requir[es] both factual development and the resolution of difficult legal issues. [Citations.]" (*Cowan v. Superior Court* (1996) 14 Cal.4th 367, 387–388 [58 Cal.Rptr.2d 458, 926 P.2d 438] (conc. & dis. opn. of Brown, J.); see *People v. Williams, supra*, 21 Cal.4th at p. 344 [quoting same].) The determination of whether an evidentiary error is subject to correction under section 995a will always depend on the facts of the particular case before the court. (*Caple, supra*, 195 Cal.App.3d at p. 602.)

request judicial notice of the court file in the prior case, as provided in rule 3.1306(c) of the California Rules of Court. According to Meza, "[t]he failure of the prosecution to provide the court and defendant with sufficient information to determine whether judicial notice would cure the defect is a relevant fact or circumstance to the exercise of discretion. Additionally, because judicial notice might require the reading of a trial or preliminary examination transcript to determine if the separate criminal proceeding was for the same conduct, the court had discretion to deny the request."

Because Meza's new theory that the prosecution failed to satisfy the second prong of the statute involves an issue of fact, it cannot be raised for the first time on appeal. (*People ex rel. Totten v. Colonia Chiques* (2007) 156 Cal.App.4th 31, 40 [67 Cal.Rptr.3d 70].) In any event, the record belies Meza's claim that the court exercised its discretion in denying the prosecution's motion based on the failure to establish that the error at issue could be expeditiously corrected. To the contrary, the court found that the second prong of the statute had "certainly" been met in that "[t]he evidence would be brief and it would easily be established." The record also demonstrates that the court did not deny the motion in the exercise of its discretion, but rather concluded it would be an abuse of discretion to *grant* the motion because it believed that the failure to present evidence to support a tolling allegation cannot be "minor" as a matter of law. Meza's assertion that the court might have to "rummage through various undesignated documents" to establish that the prior prosecution involved the same charges fails to account for the fact that Meza effectively conceded the point in his moving papers. Moreover, the prosecution was not required to present the court with the evidence it intended to offer on the issue if further proceedings were held. An offer of proof was made that judicial notice of the court file in the prior proceeding would be sufficient to rectify the evidentiary error, the court so found, and there is nothing in the record to indicate otherwise.[5] The court also made clear that it would have granted the People's motion but for its belief that it would be an abuse of discretion to do so. Because we conclude otherwise, we remand for further proceedings under section 995a.

[5] As we previously noted, the evidence at the "reopened" preliminary hearing need only give rise to probable cause to believe that the prior prosecution against Meza had been pending for at least 44 days when it was dismissed on April 2, 2009. The amended complaint alleges that the prior prosecution was pending from October 17, 2007, until April 2, 2009, or approximately 533 days. A felony prosecution is "commenced" for purposes of section 803 by any of the following: (1) the filing of an indictment or information; (2) the defendant's arraignment on a complaint charging him or her with a felony; or (3) the issuing of an arrest or bench warrant that describes the defendant with the same degree of particularity required for an indictment, information, or complaint. (§ 804.) We need not speculate to conclude, as the trial court implicitly did, that this evidence would be brief and easily established by resort to the court file in the prior proceeding.

## DISPOSITION

The order granting Meza's motion to set aside the information under section 995 is reversed. The order denying the People's motion for further proceedings under section 995a is also reversed and the matter is remanded for further proceedings to determine whether the additional information the prosecution seeks to offer shows cause to believe that the proceedings are not barred by the applicable statute of limitations.

Yegan, Acting P. J., and Coffee, J., concurred.