[No. G001886. Fourth Dist., Div. Three. Nov. 27, 1984.]

RITA FRANCES LOVERDE et al., Petitioners, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

---

COUNSEL

Stanley I. Greenberg and Abby Besser Klein for Petitioners.

No appearance for Respondent.

Cecil Hicks, District Attorney, Michael R. Capizzi, William W. Bedsworth and Michael J. Pear, Deputy District Attorneys, for Real Party in Interest.

---

OPINION

WALLIN, Acting P. J.—Petitioners Rita Frances Loverde and Peter Charles Mullikin seek a writ of prohibition preventing the Orange County Superior Court from remanding their matter to municipal court to correct alleged errors in the preliminary examination (Pen. Code, § 995a, subd.

(b)(1)).[1] They also seek a writ of mandate to compel the Orange County Superior Court to set aside the information (Pen. Code, § 995). We stayed all proceedings to determine the propriety of remanding the matter for the magistrate to articulate her findings on the credibility of a certain witness.

I

Petitioners are charged by information with possession of cocaine (Health & Saf. Code, § 11350) and possession of cocaine for sale (Health & Saf. Code, § 11351). They were arrested after local police and FBI agents entered their home to arrest Mullikin on an unrelated federal arrest warrant. A motion to suppress evidence (Pen. Code, § 1538.5) was heard with the preliminary examination. Petitioners claimed the law enforcement agents violated the knock-notice requirements of Penal Code section 844 in entering the residence to arrest Mullikin. The evident factual dispute is whether the first FBI agent inadvertently stumbled through the doorway simultaneous with his oral identifying announcement or whether he unlawfully forced entry without waiting for a response from the inhabitants. ▮ ▮ ▮ ▮ The magistrate expressed concern with the method of entry but ruled the contraband found in the house was admissible under the doctrine of inevitable discovery.[2] Petitioners moved to set aside the information, contending the entry was illegal, and the magistrate erred in concluding the doctrine of inevitable discovery precluded suppression.

At the Penal Code section 995 hearing the district attorney conceded the magistrate erred in justifying the search and seizure under the doctrine of inevitable discovery. Nevertheless, the district attorney argued the magistrate reached the correct result because the evidence supported a finding of substantial compliance with section 844 and any ambiguity in the magistrate's ruling on the claimed section 844 violation could be clarified by remanding the matter under section 995a, subdivision (b)(1).[3] The superior

---

[1]Penal Code section 995a, subdivision (b)(1) states: "Without setting aside the information, the court may, upon motion of the prosecuting attorney, order further proceedings to correct errors alleged by the defendant if the court finds that such errors are minor errors of omission, ambiguity, or technical defect which can be expeditiously cured or corrected without a rehearing of a substantial portion of the evidence. The court may remand the cause to the committing magistrate for further proceedings, or if the parties and the court agree, the court may itself sit as a magistrate and conduct further proceedings. When remanding the cause to the committing magistrate, the court shall state in its remand order which minor errors it finds could be expeditiously cured or corrected."

[2]The doctrine of "inevitable discovery" precludes suppression of evidence seized in violation of the Fourth Amendment if it would inevitably have been discovered lawfully. (See, e.g., *People* v. *Superior Court (Tunch)* (1978) 80 Cal.App.3d 665, 673 [145 Cal.Rptr. 795].)

[3]We find this statement sufficient to constitute a prosecutorial request for remand as required by section 995a, subdivision (b)(1).

court expressed a desire to know whether the magistrate believed the FBI agent's version of events before ruling on the motion to set aside. Remand was ordered "requesting the magistrate below make a determination on credibility since the finding was never made."

## II

As this court noted in *Tharp* v. *Superior Court* (1984) 154 Cal.App.3d 215 [201 Cal.Rptr. 131], trial courts have few guidelines in determining the appropriateness of a remand order under section 995a, subdivision (b)(1).[4] The statute requires a careful balancing on a case by case basis since a valid remand order avoids a dismissal under section 995.

When a defendant brings a motion to set aside an information because of errors in the preliminary examination, section 995a, subdivision (b)(1) allows a remand to correct those errors only if the superior court finds they are "minor errors of omission, ambiguity, or technical defect . . . ." Petitioners' motion claimed the magistrate erred in failing to suppress evidence. Petitioners did not claim the magistrate erroneously failed to make factual findings on the credibility of witnesses. Thus, petitioners did not claim an error of omission correctable on remand.

Finding no omission, the question remains whether petitioners' motion to set aside the information claims a minor error of ambiguity. The magistrate's reliance on the doctrine of inevitable discovery was legal error. The district attorney essentially concedes the magistrate found a violation of section 844 first and therefore applied the doctrine of inevitable discovery as another basis for admitting the contraband despite the illegal entry. Any claimed ambiguity lies in the magistrate's failure to articulate factual findings and legal reasoning in concluding the entry was illegal. That ambiguity, if any, goes to the very heart of the case and can hardly be characterized as minor. The superior court oversimplified the issue by suggesting a finding on the credibility of one witness will resolve any ambiguity in interpreting the magistrate's denial of the motion to suppress. A factual finding on the credibility of one witness sheds little light on the ultimate question of compliance with the knock-notice requirements of section 844. The significance of the issue can hardly be characterized as minor.

Finally, we doubt the ambiguity "can be expeditiously cured . . ." as required by section 995a, subdivision (b)(1). The real ambiguity lies not in

---

[4]Even fewer guidelines exist now since our decision in *Tharp* followed a case which has since been ordered depublished. We also note the depublication of two other appellate court decisions dealing with section 995a, subdivision (b)(1).

whether the magistrate believed the FBI agent, but how the magistrate would have ruled if she had not relied on inevitable discovery. The remand order is itself ambiguous in light of the superior court's statement the magistrate may rule on the credibility of *any* witness "if the magistrate feels it's improtant [*sic*]." Such an order encourages the parties to relitigate the entire motion to suppress evidence. We envision a lengthy rehearing of a substantial portion of the evidence in this case.

The superior court sits as a reviewing court in deciding the motion to set aside the information. The desire for factual findings on credibility cannot be satisfied by suggesting the magistrate neglected a duty to make findings absent a request. Neither can we characterize the magistrate's failure to articulate factual findings supporting the denial of the motion to suppress as a minor ambiguity which can be corrected expeditiously on remand.

We have received and considered the response of real party in interest; further proceedings would add nothing to our review. A peremptory writ in the first instance is appropriate. (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180 [203 Cal.Rptr. 626, 681 P.2d 893].) Let a peremptory writ of mandate issue directing the superior court to vacate its remand order and rule on the motion to set aside the information.

Sonenshine, J., and Crosby, J., concurred.