[No. B027534. Second Dist., Div. Three. Oct. 16, 1987.]

WILLIAM HENRY CAPLE, JR., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

596

**COUNSEL**

John Cheroske for Petitioner.

No appearance for Respondent.

Ira Reiner, District Attorney, Donald J. Kaplan and Lorraine A. Silvers, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**KLEIN, P. J.**—Petitioner William Henry Caple, Jr., (Caple), sought an alternative writ of mandate/prohibition directing the superior court to show cause why its order denying Caple's Penal Code section 995 motion should not be reversed.[1]

We granted an alternative writ. Because the trial court properly remanded the matter to the municipal court pursuant to section 995a, subdivision (b)(1), to correct a minor error of omission which could be expeditiously cured, the petition is denied.[2]

### FACTUAL AND PROCEDURAL BACKGROUND

On February 16, 1987, at approximately 9:30 p.m., City of Gardena Police Officer Ronald Mark (Mark) effected a traffic stop on an El Camino pickup truck driven by Tyrone Johnson (Johnson) in which Caple rode as a passenger.[3]

In the course of issuing both individuals citations for failure to wear seat belts, Mark noticed a mild odor of marijuana emanating from the car, and observed a half-burnt marijuana cigarette in the El Camino's dashboard ashtray. In a consensual search of the vehicle, Mark located 1,233.8 grams of cocaine under some papers behind the driver's bucket seat.

A felony complaint filed under case number A918084 charged Johnson and Caple with possession of more than 14.25 grams of cocaine for the purpose of sale (Health & Saf. Code, § 11351.5; § 1203.07, subd. (a)(1)), and with sale or transportation of a controlled substance (Health & Saf. Code, § 11352), rendering them ineligible for probation (§ 1203.073, subd. (b)(6)).

At the preliminary hearing under this case number, Mark testified the registration for the El Camino indicated neither Johnson nor Caple owned the vehicle, but that Caple had volunteered the car belonged to him. At the close of this hearing, the magistrate dismissed the complaint because the prosecution had failed to show a chain of possession between the cocaine

---

[1] All subsequent statutory references are to the Penal Code, unless otherwise indicated.

[2] The relevant portion of section 995a, subdivision (b)(1) provides: "Without setting aside the information, the court may, upon motion of the prosecuting attorney, order further proceedings to correct errors alleged by the defendant if the court finds that such errors are *minor errors of omission, ambiguity, or technical defect which can be expeditiously cured or corrected without a rehearing of a substantial portion of the evidence.*" (Italics added.)

[3] Johnson is not a party to this petition.

Mark found in the El Camino and the cocaine defense counsel stipulated had been analyzed.

The People refiled the case under number A918249. At the beginning of the preliminary hearing on this complaint, neither defense counsel asserted the right to make a suppression motion and, possibly for this reason, Mark testified to a somewhat abbreviated version of the facts he had related at the first preliminary hearing. Although Mark again noted the presence of a half-smoked marijuana cigarette and identified Caple as seated within a foot and a half of the cocaine, the officer did not mention the seat belt citation, the odor of marijuana, the consent to search or Caple's spontaneous statement of ownership of the vehicle.

At the close of the evidence, Caple moved to dismiss the complaint because the prosecution had not established his possession or knowledge of the cocaine. The magistrate denied the motion and held both defendants to answer in superior court.

Thereafter, Caple filed a motion pursuant to section 995 asserting the same basis for dismissal. The trial court indicated its inclination to agree with Caple stating:

"THE COURT : . . . I just don't see any rational connection of the defendant Caple with the contraband sufficient to hold him to answer and to stand trial. . . .

". . . . . . . . . . . . . . . . . . . . .

"MR. ALHADEFF [deputy district attorney]: If the court is saying we don't have enough to go to trial—if the court is concerned whether there has been a minor omission —

"THE COURT: I think there has been a major omission.

"MR. ALHADEFF: If there has been what you consider to be a minor omission, with a very brief amount of testify [sic], we would ask under Penal Code 995 [sic], the court to give us the opportunity to be able to reopen.

"THE COURT: I think what you have to do, you have to connect Caple up with the drug. If you have the evidence, you should put it back on.

". . . . . . . . . . . . . . . . . . . . .

"MR. ALHADEFF: If Penal Code section 995 [*sic*] indicated it had to be to a major issue—here we are concerned only with a minor omission that can be cured with very brief testimony. That does fall within that Penal Code [*sic*]. I would ask leave of the court very respectfuly [sic] for the People to have that opportunity to cure that.

"THE COURT: It's going to be same officer?

"MR. ALHADEFF: Absolutely. Very brief.

"THE COURT: Put him back on."

The trial court then remanded the matter forthwith to the municipal court "to correct errors . . . which consist of omission of any evidence that connects [Caple] to the contraband, other than his presence in the vehicle."

After a pause in the proceedings, defense counsel attempted to point out the impropriety of the remand for correction of a "major" defect. The trial court concluded this discussion by stating: "I will just state for the record that I have heard the People's motion to remand to municipal court for further proceedings under 995(A) [*sic*], and I am willing to do that but for the fact that the defect that I have described, I would tend to characterize it as a major defect. The People do not. [¶] And the defendant is objecting to my referring it to municipal court on the theory that the defect is not intrinsically a minor defect but rather is a major defect. [¶] The only thing I can say, I described the defect for the record as well as I could. Perhaps the Court of Appeals could tell me whether that is a major or minor defect."

Upon remand to municipal court, Mark testified to Caple's statement regarding ownership of the El Camino and the matter was returned to the trial court where Caple's motion to dismiss was denied.

## CONTENTIONS

Caple contends remand to the municipal court for additional preliminary hearing evidence constituted an abuse of the trial court's discretion because the omitted testimony was not minor within the meaning of section 995a, subdivision (b)(1).

DISCUSSION

1. *Evolution of section 995a, subdivision (b)(1).*[4]

■ "Historically, trial courts have been prohibited from remanding felony prosecutions to correct errors in the commitment. In *Burnett* v. *Superior Court* (1974) 12 Cal.3d 865 . . . , the Supreme Court ordered the trial court to rule on defendant's motion to set aside the information rather than remand errors in the commitment to the magistrate for correction. The court concluded section 997 did not authorize a remand to correct anything more than a procedural irregularity or inadvertency not encompassing a judicial act. (*Id.,* at pp. 872-873.) Under *Burnett,* a magistrate was no more empowered to correct post bind over judicial error than a trial court was authorized to correct post judgment judicial error." (*Tharp* v. *Superior Court* (1984) 154 Cal.App.3d 215, 219 [201 Cal.Rptr. 131].)

At the time of the *Burnett* v. *Superior Court* (1974) 12 Cal.3d 865. [117 Cal.Rptr. 556, 528 P.2d 372], decision, former section 1387 barred further proceedings after dismissal only for misdemeanors, but permitted multiple prosecutions of felonies. Thus, the *Burnett* rule merely required the People to refile dismissed felonies and again proceed to preliminary hearing. (Former § 1387.) However, the 1980 amendment of section 1387 prevented the refiling of a felony which had been dismissed twice pursuant to section 995.[5]

Assembly Bill No. 2984 added the remand procedure of section 995a, subdivision (b), which is in issue here. The Assembly Committee on Criminal Justice, the Senate Committee on Judiciary, as well as the Legislature as

---

[4] All but two cases interpreting this section have been ordered by our Supreme Court not to be published in the Official Reports. Because each of the published cases involves instances in which the trial court's application of the section was found to be improper, trial courts lack direction on the appropriate use of the section.

[5] At the time of the *Burnett* decision, former section 1387 provided: "An order for the dismissal of the action, made as provided in this chapter [regarding want of prosecution]; is a bar to any other prosecution for the same offense if it is a misdemeanor, but not if it is a felony."

After amendment in 1975, section 1387 provided: "An order for the dismissal of an action pursuant to this chapter [regarding want of prosecution] is a bar to any other prosecution for the same offense if it is a felony and the action has been previously dismissed pursuant to this chapter, or if it is a misdemeanor; except in those felony cases where subsequent to the dismissal of the felony the court finds that substantial new evidence has been discovered by the prosecution which would not have been known through the exercise of due diligence at or prior to the time of dismissal."

The 1980 amendment added felonies twice dismissed pursuant to section 995, among others, to those actions as to which a second dismissal acted as a bar to further prosecution. The section has since been amended to provide additional exceptions not here relevant.

a whole passed the bill unanimously in 1982. Its provisions changed, to some extent, the holding in *Burnett*.[6]

■ Before a trial court may institute further proceedings to correct preliminary hearing errors, section 995a requires it make two separate findings: (1) a minor error of omission, ambiguity or technical defect which, (2) can be expeditiously cured.

2. *Meaning of the phrase "minor error of omission."*

■ *Tharp* v. *Superior Court, supra,* 154 Cal.App.3d at page 220, defined an omission as "the act of failing to include, of forgetting. [Citation.]" Because the failure to elicit Caple's statement concerning ownership of the El Camino falls within this definition, it need only be determined whether the omission is minor.

■ The word "minor," used in the phrase "minor error of omission," renders those words susceptible of at least two different interpretations. An omission so described might refer either to something minor in relation to the whole, or might mean minor in the sense of insignificant.

Caple argues the phrase should be accorded the latter interpretation. That is, any omission which causes an information to fail must be regarded as significant and major and therefore, not minor. This analysis begs the question by gauging the magnitude of the defect by its effect on the prosecu-

---

[6] As introduced, the bill would have added the following new subdivision (b) to section 995: "Without setting aside the information, the court may, in its discretion, remand the cause to the committing magistrate for further proceedings, or itself sit as a magistrate and conduct further proceedings, which it deems appropriate, if the court finds that the errors alleged by defendant could be expeditiously cured or corrected by further proceedings. Any further proceeding held pursuant to this subdivision may include the taking of testimony and shall be deemed to be part of the preliminary examination."

As enacted, subdivision (b) of section 995a shows that Assembly Bill No. 2984 had been substantially amended. The amendments (1) moved the remand provision from section 995 to section 995a; (2) permitted remand only "upon motion of the prosecuting attorney"; (3) limited the remedy to "minor errors of omission, ambiguity, or technical defect which can be expeditiously cured or corrected without a rehearing of a substantial portion of the evidence"; (4) permitted the superior court itself to "sit as a magistrate" for the purpose of the further proceedings only if the parties agree; (5) required that the superior court, upon remanding to the original magistrate, state the perceived "minor errors" in the remand order; (6) permitted recourse to the correction procedure only once with respect to any information; (7) provided that the correction proceedings shall not be deemed to extend the time within which a defendant must be brought to trial under Penal Code section 1382; (8) required that the superior court reserve its final ruling on the motion to set aside the information until the correction proceedings are completed; and (9) anticipated writ review if "the [superior] court abused its discretion in utilizing the procedure set out in subdivision (b) of section 995a, . . ."

tion's case. Adoption of such a definition would totally eviscerate section 995a, subdivision (b)(1), by permitting its use only when the omitted evidence was unnecessary in the first instance. Clearly, the Legislature did not intend the section to be so limited; application of Caple's reasoning renders enactment of the section an idle act.

■ One of the fundamental rules governing interpretation of an ambiguous statute is to ascertain and give effect to the Legislature's intent. (*Young v. Haines* (1986) 41 Cal.3d 883, 894 [226 Cal.Rptr. 547, 718 P.2d 909]; Code Civ. Proc., § 1859.) In determining this intent we first look to the words of the statute themselves. (*Tracy* v. *Municipal Court* (1978) 22 Cal.3d 760, 764 [150 Cal.Rptr. 785, 587 P.2d 227].)

■ Webster's Third New International Dictionary (1987) at page 1439, defines minor as follows: "la: inferior in importance: comparatively unimportant: lower in standing or reputation than others of the same kind . . . b: being the less important of two things . . . ."

Because use of this meaning is consonant with the perceived legislative intent that meritorious prosecutions not be barred based upon minor omissions, we conclude a "minor omission" refers to one that is *comparatively* unimportant. Thus, an evidentiary defect will trigger the remand provisions of section 995a, subdivision (b)(1), whenever the omission is minor when considered in relation to the balance of the evidence required in order to hold the accused to answer.

3. *Application to the present facts.*

Obviously, determining whether an omission is minor must be done on a case by case basis. As noted in *Tharp,* "[t]he statute lends itself to an 'I know it when I see it' approach. [Citations.]" (*Tharp* v. *Superior Court, supra,* 154 Cal.App.3d at p. 219, fn. 8.)

In determining whether the omission of Caple's statement of ownership is minor, the quantum of proof needed to establish probable cause for the charged offenses must be kept in mind. ■ "The rule is well established that access to or possession of contraband provides adequate grounds to arrest and . . . to hold that person to answer. [Citations.] Indeed, often not much more is necessary for a conviction. [Citations.]" (*In re James M.* (1977) 72 Cal.App.3d 133, 137 [139 Cal.Rptr. 902].) In addition to access, the accused must be shown to have had knowledge of the presence of the contraband as well as its narcotic character. Both of these elements may be established by circumstantial evidence. (*Rideout* v. *Superior Court* (1967) 67 Cal.2d 471, 474-475 [62 Cal.Rptr. 581, 432 P.2d 197].)

In *Rideout,* the arresting officer observed a matchbook on the floor in the front of the back seat. The matchbook had been rolled in such a fashion as to hold a marijuana cigarette. Although the device, referred to as a "'crutch,'" had no burn marks, "the officer presumed it had been used because matchbooks ordinarily are not folded in that manner." (*Id.,* at p. 473.) Thereafter, in a consensual search, a cigarette package containing marijuana was found in the well of the car behind the back seat. No marijuana odor had been detected.

The *Rideout* court stated: "In the present case from the recited evidence the magistrate could reasonably have inferred that [the back seat passengers] had possession of the marijuana and knowledge of its presence since they were the ones in closest proximity to the place where it was found, the place apparently was accessible to them, and they had an opportunity to deposit the marijuana there when the police directed the car in which they were riding to pull over. Likewise an inference of their knowledge of the narcotic character of the marijuana is warranted by the evidence of the presence of the 'crutch' on the floor in front of the back seat where petitioners were sitting [citation] and the secretion of the marijuana in an ordinary package of cigarettes [citation]." (*Id.,* at p. 475.)

The rule in *Rideout* has been summarized as follows: ■ "Proof of the accused's access to the place where contraband is found is some inferential evidence of possession, and when accompanied by other evidence, even if it be slight, will support a finding of probable cause [citations], and may even support a conviction [citations]." (*Frazzini* v. *Superior Court* (1970) 7 Cal.App.3d 1005, 1017 [87 Cal.Rptr. 32].)

■ Based on the cited authority, Caple's access to the cocaine constitutes the great bulk of the required proof in this case. Further, Caple's statement of ownership is not the sole source of the required other evidence. The presence of the half burnt marijuana cigarette, like the "'crutch'" in *Rideout,* may have permitted the magistrate to infer knowledge of the narcotic character of cocaine. Therefore, the evidence already in the record at the time of the trial court's remand order provided most, if not all, of the evidence needed to hold Caple to answer for the charged offenses. (*People* v. *Laiwa* (1983) 34 Cal.3d 711, 718 [195 Cal.Rptr. 503, 669 P.2d 1278].)

We are persuaded Caple's statement of vehicle ownership, in relation to the joined effect of access and presence of the marijuana cigarette, is comparatively unimportant, and thus find its omission to be minor within the meaning of the section.

Because the omitted statement essentially required only one additional question and answer, it did not involve a rehearing of any of the preliminary hearing evidence.

As both prongs of section 995a, subdivision (b)(1), have been satisfied, we conclude the trial court acted properly in remanding the matter for additional evidence.

4. *Caple's arguments to the contrary are unpersuasive.*

 We first dismiss the asserted failure of the trial court to characterize the omission as minor. When the deputy district attorney made it clear the omitted evidence would be "very brief," the trial court immediately agreed to remand the matter. The act of remand constitutes a sufficient implicit finding of a minor omission despite the trial court's ambivalence on this point.

Caple's reliance on *Loverde* v. *Superior Court* (1984) 162 Cal.App.3d 102 [208 Cal.Rptr. 134], and *Tharp* v. *Superior Court, supra,* 154 Cal.App.3d 215, is misplaced.

In *Tharp,* the magistrate so restricted cross-examination as to prevent the petitioner from a meaningful opportunity to test a search warrant. Remand to correct this error, which the trial court declared to be an omission, was reversed on appeal. The court rejected "the notion an evidentiary ruling can be characterized as an omission, no matter how minor" and directed the superior court to set aside the information. (*Tharp* v. *Superior Court, supra,* at p. 220.)

Because here, the prosecution's failure to elicit Caple's spontaneous statement of ownership of the vehicle clearly is an omission, *Tharp* is easily distinguished.

In *Loverde,* the superior court found the magistrate improperly had justified a search on the doctrine of inevitable discovery and remanded the matter " 'requesting the magistrate below [to] make a determination on credibility since the finding was never made.' " (*Loverde* v. *Superior Court, supra,* 162 Cal.App.3d at p. 105.) The Court of Appeal vacated the order because there had been no omission and the ambiguity, if any, in the magistrate's ruling, went "to the very heart of the case and can hardly be characterized as minor." (*Ibid.*) Additionally, determining credibility might require "a lengthy rehearing of a substantial portion of the evidence in this case." (*Id.,* at p. 106.)

Unlike *Loverde,* the instant omission was corrected by very brief testimony, did not involve a substantial rehearing of evidence, and, even assuming the omission prevented a finding of probable cause, did not go to the heart of the case because Caple's access to the cocaine and the presence of the

marijuana cigarette already provided circumstantial evidence of each element of the charged offenses.

## CONCLUSION

The superior court properly remanded the matter to municipal court to take additional evidence.

## DISPOSITION

The alternative writ heretofore issued is discharged. The petition for a peremptory writ of mandate is denied. The matter is remanded to the superior court for further proceedings.

Danielson, J., and Arabian, J., concurred.